UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN HENRY FREDERICK,

    Plaintiff,

v.                                          Case No. 4:19cv337-MW-HTC

HEATHER KEVER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff John Henry Frederick initiated this action in July 2019 by filing a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. After reviewing Plaintiff's complaint and litigation history, the undersigned concludes this case should be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

     Plaintiff is a three-striker, as he has filed at least three (3) federal cases that were dismissed for failure to state a claim or as malicious. *See Frederick v. Wakulla CI Med. Admin. Dep't*, Case No. 4:18cv408-RH-MJF, ECF Doc. 24 (N.D. Fla. June 12, 2019) (dismissed as malicious); *Frederick v. Wakulla Corr. Inst.*, Case No. 4:18cv482-WS-CJK, ECF Doc. 18 (N.D. Fla. Mar. 26, 2019) (dismissed as malicious); *Frederick v. Bondi*, Case No. 6:18cv694-GAP-GJK, ECF Doc. 9 (M.D. Fla. June 25, 2018) (dismissed for failure to state a claim); *Frederick v. Dalton*, Case No. 6:17cv349-PGB-KRS, ECF Doc. 3 (M.D. Fla. Mar. 10, 2017) (dismissed for failure to state a claim); *Frederick v. State of Fla. Judges*, Case No. 6:17cv342-GKS-

GJK ECF Doc. 4 (M.D. Fla. Mar. 8, 2017) (dismissed for failure to state a claim).[1] All these cases bear Plaintiff's FDOC inmate number, R17753, and all the qualifying dismissals were entered before Plaintiff filed this case.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make that showing. Plaintiff is an inmate of the Florida Department of Corrections currently confined at Wakulla Correctional Institution. His complaint names a single Defendant, Nurse Heather Kever, and describes interactions he had with Kever in January and February of 2019. ECF Doc. 1 at 1-2. Plaintiff alleges: (1) he was abused by Sergeant Chunn on November 17, 2018; (2) Dr. Acosta x-rayed Plaintiff's injuries and told him nothing was wrong but gave him muscle rub, ibuprofen and ordered a second x-ray; (3) Kever refused Plaintiff's request to get a second opinion from an outside doctor; (4) when Plaintiff visited sick call complaining of pain on February 5, 2019, Kever told him not to come back and wrote him a disciplinary report; and (5) Kever, along with Nurse Kirkland, increased Plaintiff's no prolonged standing pass from 15 to 30 minutes.[2] *Id.*

---

[1] When M.D. Fla. Case No. 6:17cv342-GKS-GJK was dismissed without prejudice on March 8, 2017, the court gave him twenty-one (21) days to file an amended complaint. Plaintiff failed to do so. Thus, the court entered an order on April 27, 2017, that directed the clerk to enter a judgment dismissing the case without prejudice and close the case. The dismissal of this case is a strike.
[2] Plaintiff also states: "notice being housed in CI-Dorm with [murderers threatening] to kill again, also to injure me by stating to break my jaw in a two man cell." ECF Doc. 1 at 2. This allegation,

Case No. 4:19cv337-MW-HTC

Accepting the well-pleaded allegations of Plaintiff's complaint as true, they fail to show that he is in imminent danger of serious physical injury because they concern events that happened in January and February of 2019. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".). Notably, Plaintiff does not seek injunctive relief to address any perceived danger; he seeks only monetary damages. ECF Doc. 1 at 1. Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 8th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

while included in the complaint, appears to be wholly unrelated to the claims alleged against the Defendant or the relief sought by Plaintiff. Thus, the inclusion of this vague and conclusory allegation, alone, does not satisfy the imminent danger exception to 28 U.S.C. § 1915(g).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.